## HEFFERNAN, Appellant, v. RAGSDALE.

### Division One, November 21, 1906.

1. **INNOCENT PURCHASER: How Pleaded.** Where plaintiff, in a suit to quiet title, alleges that "the defendant is not an innocent purchaser for value, and had notice of the fraudulent judgment under which he claims title," and defendant answers by a general denial and a claim of ownership of the land sold under the judgment, the answer sufficiently raises the issue of innocent purchaser.

2. ———: ———: **Issue at Trial.** Where the record shows that the sole issue tried was that of innocent purchaser, and that it was brought into the case without objection, it is too late on appeal to raise the objection that the issue was not sufficiently pleaded.

3. ———: **Fraud: Proof.** The party alleging fraud must prove it. And it cannot be shown that a purchaser at an execution sale under a judgment had knowledge that the judgment was fraudulent and that the secretary of the defendant company, upon whom service was had, was not in fact its secretary, and that the plaintiff in the judgment wrongfully caused summons to be served on such secretary, by a mere showing that the purchaser at the sheriff's sale had examined the judgment and files in the case.

4. ———: **Vacating Judgment After Sale.** A purchaser under a judgment valid upon its face, reciting a valid service, the return of the officer also showing a valid service, under execution sale nearly one year prior to the vacation of the judgment for void service, at a time when the judgment was a subsisting lien, for value, and without knowledge of the proceedings to vacate or that the service had been made on a person who was no longer an officer of the defendant corporation which owned the property, takes the title. The vacation of the judgment after the sale did not affect his rights or title.

5. **JUDGMENT: Vacation.** A judgment cannot be vacated upon motion filed three years after the rendition of the judgment. It can then be vacated only by a direct proceeding by bill in equity. And a vacation upon motion filed three years after judgment rendered is not legal.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville,* Judge.

AFFIRMED.

*F. S. Heffernan pro se.*

Respondent is not an innocent purchaser for value. Young v. Schofield, 132 Mo. 650. The plea of being an innocent purchaser is an affirmative defense, and must be supported by affirmative evidence. The *onus* lies on the pleader. Holsa v. Holsa, 8 Mo. 303; Sillyman v. King, 36 Iowa 308; Frost v. Beekman, 1 Johns. Ch. 288; Jewett v. Palmer, 7 Johns. Ch. 65; Holdsworth v. Shannon, 113 Mo. 525; Ins. Co. v. Smith, 117 Mo. 294; Young v. Schofield, 132 Mo. 663. In order for a party to assume the role of innocent purchaser, he must be one who is "a bona fide purchaser for a valuable consideration without notice." 1 Story, Eq. Jur. (13 Ed.), pp. 63, 387, 417, 438; Ib. 825. Respondent's answer is insufficient, in this, that it fails to show that he is an innocent purchaser for value and without notice of fraud, and fails to properly plead what his interest is and his source of title. It is not required of appellant to move to have the answer made more definite and cer-

tain. Mallinckrodt Chemical Works v. Nemnich, 169 Mo. 397. It is not pretended or contended by respondent that the execution sale under which he secured his deed to the lots in question was for the satisfaction of the judgment regularly made. The proof shows the object was to get title to the lots for $60, and no more. Jones v. Driskill, 94 Mo. 191. The respondent not being an innocent purchaser, for a valuable consideration, acquired no title to the property in question. Bagby v. Sligo Furnace Co., 120 Mo. 248. The answer does not contain the necessary averment to maintain the defense of an innocent purchaser. Sec. 648, R. S. 1899. The material allegations of appellant's petition ''not controverted by the answer for the purpose of the action,'' are taken as true. Sec. 628, R. S. 1899. The statutes do not permit of the latitude of indirect denial of the allegations of the petition. Boles v. Bennington, 136 Mo. 529. The answer failing to specifically deny the charge of fraud, such charge is taken as confessed. Boles v. Bennington, supra. The respondent's answer denying ''each and every allegation therein contained,'' except defendant ''admits that he claims title to lots four and five of block 16, described in plaintiff's petition,'' is not sufficient, and for want of denial, stands confessed. Boles v. Bennington, 136 Mo. 528. It was not necessary for appellant to raise this point of confession in the trial court. Snyder v. Free, 114 Mo. 360. The charges of fraud should have been specifically and definitely denied. Long v. Long, 79 Mo. 644; Young v. Schofield, 132 Mo. 650; Mallinckrodt Chemical Works v. Nemnich, 169 Mo. 389; Leete v. Bank, 141 Mo. 574. Defendant's answer as filed is no answer to plaintiff's petition. Dezell v. Fidelity & Casualty Co., 176 Mo. 279. A verdict will not be permitted to stand unless it be supported by substantial evidence. Bluementhal v. Torini, 40 Mo. 159; Rea v. Ferguson, 72 Mo. 225; Crane v. Timberlake, 81 Mo. 481; Avery v. Fitzgerald, 94 Mo. 207; Ashley v. Green,

38 Mo. 262. For want of legal service of the summons on the Real Estate Investment Co., the trial court was without jurisdiction and the Hobart judgment is a nullity. Sec. 995, R. S. 1899; Horn v. Railroad, 88 Mo. App. 477.

*Geo. D. Ragsdale* for respondent.

(1) The trial court committed no error in not giving plaintiff judgment on the pleadings. He never asked for judgment on the pleadings. (2) Defendant's general denial covers the question of innocent purchaser for value and without notice. It is not admitted by failure to affirmatively deny knowledge. (3) The plaintiff has not shown by competent evidence that the Hobart judgment against the Real Estate Investment Company was grounded in fraud or obtained by fraud. Neither does he allege such facts in his petition or reply. He simply alleges "that defendant Ragsdale had notice that the Hobart judgment under which he claims title was fraudulent and void." (4) There is no evidence whatever in the whole record that the defendant Ragsdale knew anything about any fraud in the Hobart judgment. (5) The judgment of the trial court, setting aside the original Hobart judgment on motion of the receiver of the Real Estate Investment Co., is not binding on the defendant Ragsdale, for the reason that it was long after his purchase and he was not a party to the proceeding, and had no notice of it. And said judgment on said motion was not competent evidence against defendant Ragsdale. (6) Taking this judgment setting aside the Hobart judgment out of the record, there is absolutely nothing left that would even have a tendency to prove the Hobart judgment was fraudulent. (7) Plaintiff clearly failed to make out a case of fraud; and where judgments and sales under them are sought to be set aside and annulled for fraud the facts constituting the fraud must be clearly

proven. (8) Neither the sheriff's return nor the judgment nor the sale can be questioned in a collateral proceeding.

GRAVES, J.—Appellant brought suit in the circuit court of Greene county and in his petition asked the court to define the title of himself and respondent in and to four lots in Boulevard addition to the city of Springfield, Missouri. The petition is in the usual form except that it specifically points to the manner in which respondent claims title, in this language:

"The plaintiff states that the defendant has placed on record a deed indicating that he claims a title to said lots. Wherefore plaintiff prays this honorable court to ascertain under section 650, chapter 8, article 5, of the Revised Statutes of the State of Missouri of the year 1899, to determine plaintiff's interest in said above-described real estate, and quiet the title thereto.

"The defendant is not an innocent purchaser for value, and had notice of the fraudulent judgment under which he claims title."

By answer respondent denied each and every allegation of appellant's petition, but admitted that he claimed to own two of the lots, and had claimed to own the others, but had previously conveyed by warranty deed and stood ready to defend his title to all of the lots. In addition the answer contained the following:

"That the plaintiff claims all of said property by virtue of a sheriff's deed under execution levied against said lots as the property of the Real Estate Investment Company. That at the time said execution was levied against said lots, the judgment under which it was issued was more than three years old, and was not a lien against any real estate of said company, and that at the time said execution was levied this defendant was the owner of said property in fee simple.

"Wherefore defendant prays that the title to said lots be quieted in him, and that the said deed by the

sheriff to the plaintiff be declared void and for naught held, and having fully answered defendant asks to be discharged with his costs and for all other and proper relief.''

It was admitted that the common source of title was the Real Estate Investment Company. To sustain the issues upon his part appellant introduced in evidence a judgment of the Greene Circuit Court in the case of Susan P. Breed against the Real Estate Investment Company for $6,366.85 and $45.45 costs, of date January 14, 1897, and also a judgment of the same court in favor of George H. Shields against said Investment Company for $6,055.50 debt and $9.85 costs of date May 16, 1895.

Plaintiff then offered a sheriff's deed under the first judgment, which deed is of date February 6, 1903, and recites that the execution under which the sale was had and the deed made was March 26, 1902. This deed covers the property in question with other property.

Appellant testifying for himself stated that he held the property for himself and Mrs. Breed. The property sold under this execution all brought $79.05.

Appellant then placed respondent upon the stand as a witness and the testimony given by him is to this effect: That in looking over the records of Greene county, he concluded that there were nine lots in Boulevard Addition to Springfield to which the Real Estate Investment Company had title; that he also discovered that B. F. Hobart had a judgment which was a subsisting and valid lien on these lots; that being in St. Louis on business he called to see Hobart to see if he could have execution issued and these lots sold but failed to find him, but did talk with Adiel Sherwood, his attorney; that Sherwood stated that Hobart had made several sales and never realized expenses, and asked respondent if he would see that the lots brought Hobart $50; respondent said that he would guarantee that much

provided Hobart would see that he got the lots for that sum; Sherwood agreed to see Hobart; that he did not hear from Sherwood, but later, Mr. Massey, Hobart's attorney in Springfield, agreed that if respondent would see that Hobart got $60 out of the lots, they would have execution issued and the lots sold, to which respondent agreed; execution was issued, the lots sold, and bought by defendant upon a bid of $600, but he only paid Massey for Hobart the $60. Respondent denied knowledge of any fraud in the judgment under which he bought and denied any knowledge of the suits and judgments of Shields and Breed, except that he says that he might have noticed the judgments, but knew the liens had expired, and when he was looking it was for judgments which were or might be subsisting liens upon the property. Out of the mass of this testimony, the above states that which is material to the issues.

Respondent then introduced his sheriff's deed under the Hobart judgment, by which it appears that the judgment was of date January 25, 1899, execution issued October 29, 1901, and sale had and deed made November 23, 1901.

On January 26, 1902, this judgment under which respondent bought, was set aside upon motion of George Pepperdine, the then receiver of the Real Estate Investment Company, for the reason, as recited in the judgment upon the motion, that "the defendant, through its receiver, produced evidence showing that G. A. Ramsey, the party on whom service of the original summons was made in the action at law brought by the above-named plaintiff and against the defendant, Real Estate Investment Company, in this suit, was not at said time of service of said summons secretary of the defendant, as described in the return of service of summons on the defendant, Real Estate Investment Company, by said sheriff. The court finds from the service that there never was any process of the law

served upon the defendant or any of its officers or agents authorized by law to receive service of process; that court never acquired jurisdiction over the said defendant in the above cause."

There is a mass of irrelevant matter in this record, but the foregoing is a full statement of material facts. The trial court found the issues for defendant, now respondent. After unsuccessful motions for new trial and in arrest of judgment, Heffernan appealed to this court.

I. It is exceedingly difficult to gather the exact points attempted to be made by appellant. As we take it, the first contention urged by appellant is that respondent's answer was insufficient to raise the claim of innocent purchaser at the execution sale under which he claimed title; that the matter of "innocent purchaser" was an affirmative defense, and should have been specifically pleaded by respondent in his answer.

In the petition appellant charged: "The defendant is not an innocent purchaser for value, and had notice of the fraudulent judgment under which he claims title." To this petition, in his answer, the respondent among other things says: "And for answer to the plaintiff's petition, denies each and every allegation therein contained, except defendant admits that he claims title to lots four and five, block 16, described in plaintiff's petition." This is the entire first count of the answer, and certainly put in issue the charge that respondent had knowledge of any fraud in the judgment under which he claimed title, and the further charge that "the defendant is not an innocent purchaser for value." Appellant made the direct charge in his petition and defendant denied each and every allegation in the petition save one, and that he specifically admits. These pleadings speak for themselves, and our conclusion that the issue is sufficiently raised requires no citation of authorities.

But even if the pleadings were deficient, the whole

record shows that this was the sole issue tried. Appellant in the first instance introduced the evidence upon this issue. All of this was done without objection and as if appellant fully understood that this was the issue tried. Under such circumstances, it is too late to raise such objections in this court. [Stewart v. Outhwaite, 141 Mo. l. c. 572; Hill v. Drug Co., 140 Mo. l. c. 437-438.]

II. The petition charges that respondent had knowledge of fraud in. the Hobart judgment under which he bought. Appellant tried to show such knowledge, but utterly failed. Respondent was placed upon the stand by appellant, and from the testimony adduced, it appears that not only respondent had no knowledge of any fraud, but that he knew nothing except what the judgment and files showed, and that he was a purchaser for value. Thus, it appears from appellant's own evidence, that introduced by him, that respondent was an innocent purchaser, in good faith, without knowledge of fraud and for value. The only thing that appears from this entire record, is that on motion of a receiver for the Real Estate Investment Company, long after respondent's purchase, the court set aside the Hobart judgment on the alleged ground that the party served as secretary of the company, was not in fact secretary, at the date of service, although the return of the service showed proper service upon the defendant in the Hobart case. This fact is not questioned. No knowledge of the fact that there was a false return by the sheriff is brought home to respondent.

It, therefore, follows that, unless the vacation of the Hobart judgment, after respondent's purchase, in some way, other than the alleged fraud in the procurement thereof, affects respondent's title, the decree of the lower court was right, and this we will consider next. In passing, however, it might be well to observe that there is not a scintilla of evidence that any fraud

was practiced by Hobart in the procurement of this judgment, much less that respondent had knowledge of the alleged fraud. The party alleging fraud must prove it. [Johnson v. Realty Co., 167 Mo. 325.]

III. Respondent purchased under a judgment valid upon its face. The return of the officer showed a valid service, and the judgment recited on its face a valid service. The judgment was a valid and subsisting lien upon the lots in question. The purchase was made nearly a year before the vacation of the judgment. Respondent had no knowledge of the proceedings to vacate, so far as shown by the record. The vacation therefore did not affect his rights or title. [Schiffman v. Schmidt, 154 Mo. l. c. 214; Gott v. Powell, 41 Mo. 416; Macklin v. Allenberg, 100 Mo. 337.] The latter two cases were cases where the judgment had been reversed on writ of error, and sales had in the meantime, but the principal is the same. The first case above cited is where there was motion to vacate, as in the case at bar.

In the Schiffman case, supra, Robinson, J., said: "It will, therefore, be seen that the sheriff's deed under the second tax judgment passed a title to defendant Collins, who in turn conveyed to defendant Oliver, notwithstanding the judgment was vacated by the circuit court on motion at a subsequent term. The purchaser not having any notice thereof was not to be affected thereby."

IV. Further, it should be added that there has been no legal vacation of this judgment. Motion to vacate the judgment was filed in the original case of Hobart v. Real Estate Investment Company, over three years after the rendition of said judgment. The judgment became a finality after the term expired at which it was rendered, and thereafter it could not be vacated, except in direct proceeding by bill in equity. [Lovitt v. Russell, 138 Mo. l. c. 483; State v. Williams, 147 Mo.

l. c. 19; Johnson v. Realty Co., 167 Mo. l. c. 341; Head v. Randolph, 83 Mo. App. l. c. 288, and cases therein cited.]

In the Lovitt case, GANTT, P. J., said: "Thus, it is well settled that after a term has ended all final judgments rendered at said term pass beyond the control of the court unless kept within its control by motions pending as provided by law."

In the case of State v. Williams, supra, where there was a motion to vacate the judgment filed at the next term of court after the rendition of judgment, alleging perjury in procuring the judgment, SHERWOOD, J., said: "The judgment in this cause was rendered in October, 1897. At the same term defendant took an appeal. At the March term, 1898, but before the bill of exceptions was filed, defendant filed a motion to set aside the order granting an appeal and to grant him a new trial. This motion was based on the affidavit of Satterfield, that he, a witness against defendant, had committed perjury at the trial. After the term at which the judgment was rendered, it was beyond the power of the court to set that judgment aside."

There was no irregularity upon the record proper, and the motion to vacate contemplated by section 795 could not apply. But even under this statute the motion must be filed within three years, and the record does not so show. On the other hand, the only record of such motion is more than three years after the judgment. [17 Am. and Eng. Ency. Law (2 Ed.), 824, 826 and 840.]

We have patiently gone over each contention urged by appellant, and find there is nothing in them to justify further expression in this opinion.

The judgment is right and should be affirmed, and it is so ordered.

All concur.