# B. F. DRAKE, Respondent, v. CITY OF BOSWORTH, Appellant.

**Kansas City Court of Appeals, January 10, 1910.**

1. **PUBLIC IMPROVEMENTS: Damages: Property Separate or Entire.** In determining whether the damages to one piece of property, suffered from a public improvement, can be reduced by the benefit to another piece owned by the same person, it is necessary to ascertain if the property is held as one entire piece and for one general purpose. If held for one general purpose, though separated by lot lines or streets or alleys, it will be considered as one tract and the benefit to one part may be deducted from the damage to the other.

2. ————: ————: **Benefits: Damages: Purpose for Which Held.** If property on different lots divided by an alley in a city, is held by the owner for different purposes, that is, the lots south of the alley for a residence and the lots north for a grist mill and a "gallon house," neither dependent upon the other, the benefit to one by a public improvement cannot be deducted from the damages to the other.

3. **INSTRUCTION: Adopting Error.** Where the defendant adopts the same theory submitted by the plaintiff as to the measure of damages, he cannot complain of error in plaintiff's favor as to proper measure.

Appeal from Carroll Circuit Court.—*Hon. John P. Butler*, Judge.

AFFIRMED.

*T. L. Crane* and *Lozier, Morris & Atwood* for appellant.

(1) Defendant should have been permitted to show that lots 16, 17 and 18 in block 17, which abutted 140 feet on Snow street and were contiguous to lots 19 and 20, were peculiarly benefited by the construction of the ditch in front of all of said lots along Snow street, and to have such benefits deducted from any damages the jury might find resulted to lots 19 and

20 in said block on account of said ditch; and to show that all of plaintiff's said property as a whole in said block was benefited by said ditch; and the court erred in giving instruction numbered 4 on behalf of plaintiff limiting the whole inquiry of the jury as to damages and benefits to lots 19 and 20. Railroad v. Calkins, 90 Mo. 544; Railroad v. Story, 96 Mo. 622; 28 Cyc., p. 1081; Peck v. Bristol, 74 Conn. 483, 51 Atl. 521; Randolph's Eminent Domain, sec. 266 (p. 248); McReynolds v. Railroad, 110 Mo. 484; Hickman v. Kansas City, 120 Mo. 124; Railroad v. Baker, 102 Mo. 559. (2) The verdict in this case was clearly the result of passion and prejudice, and the trial court abused its discretion in not granting to defendants a new trial on that ground. Friedman v. Pulitzer Pub. Co., 102 Mo. App. 683; Kuenzel v. Stevens, 155 Mo. 280; Bank v. Wood, 124 Mo. 72; Mason v. Onan, 67 Mo. App. 290.

*L. H. Woodyard* and *Jones & Conkling* for respondent.

(1) In the court below defendants went to trial on the amended petition and tried the case on the theory that the only questions at issue were the questions of damages and benefits to lots 19 and 20. This is the construction appellants put on the amended petition. This is the theory they adopted in the trial court, and having adopted that theory and tried the case on that theory, they will not, on this appeal, be allowed to adopt and present the case in this court on a different theory. Harwood v. Toms, 130 Mo. 225; Bragg v. Railroad, 192 Mo. 331; Kilpatrick v. Wiley, 197 Mo. 123; Dreschner v. Railroad, 200 Mo. 332; Chinn v. Naylor, 182 Mo. 583; Hall v. Goodnight, 138 Mo. 589; Fuess v. Kansas City, 191 Mo. 696; Hogan v. Bradey, 155 Mo. 691. (2) At the trial of this cause defendant did not offer to show any special or peculiar benefits to lots 16, 17 and 18, on account of the ditch in front of lots 19 and 20, but even if defendants had made such

offer and the court refused it, it would not have been error. The conditions with respect to these several lots and the uses to which they were put were entirely different, and besides they were separate and independent entities, and so treated by respondent.

ELLISON, J.—Plaintiff was the owner of certain real property in the city of Bosworth. He brought this action to recover damages he alleges he has sustained by reason of the city having constructed a drain or ditch in the street along the front of a part of his property. He prevailed in the trial court.

It appears that plaintiff's property was lots 19 and 20 in block 17 and lots 16, 17 and 18 in the same block. Lots 19 and 20 were south of the other lots and separated from them by an alley which ran east and west through the block, and they faced, or abutted, the narrow way, east, on Snow street, running back to the center of the block, lot 19 lying lengthwise along the alley. The other lots faced north and abutted on Missouri avenue, though lot 18 laid lengthwise on Snow street. Thus we have lots 19 and 20 running lengthwise east and west, facing east; and the other lots across the alley facing north, the rear ends coming down to the north side of the alley along the south side of which lot 19 extended lengthwise. Plaintiff's residence and barn were on lots 19 and 20, and a "gallon house" and a "grist mill" owned by him were on the other lots across the alley.

He brought this action for damages to lots 19 and 20, the residence part of his property, thus situated and occupied in block 17. The defendant city under the idea that the drain or ditch was of peculiar benefit to the property north of the alley, contends that such benefit should have been considered in arriving at the amount of the damage to be assessed to plaintiff for damages to his residence lots; and defendant objected to instructions given for plaintiff in which the jury

was directed not to consider any supposed benefit to the property north of the alley. Whether such benefits should have been considered is the point for decision.

The damage done to one's property in prosecuting a public work or improvement may be reduced by the benefit received by the same property from such improvement. That very general statement will not be disputed; but when it comes to applying it to a specific case there is sometimes great difficulty in ascertaining what should be considered the same property. The damage to property should be reduced by the special benefit that property receives. How are we to ascertain whether the part benefited belongs to, or is a portion of, the part damaged? When are the two parts one body of land? The matter has been so recently discussed by the Supreme Court (Railroad v. Aubuchon, 199 Mo. 352, 363) and by this court (Burde v. St. Joseph, 130 Mo. App. 453) that we can readily state the general considerations which should govern in determining the question. The land thus divided into parts, one benefited and the other damaged, must be one general tract or piece used for one general purpose. In saying that it must be one piece it must be understood that government survey divisions, or divisions by city plats, into different lots and blocks, will not necessarily destroy its unity. Nor will an alley or street or highway do so. Such divisions do not necessarily destroy the one general purpose or use to which the property was put or could have been put before the lines of division were made. [Union Elevator Co. v. Railway, 135 Mo. 353, 365; Railway v. Norcross, 137 Mo. 415, 424.]

Applying this rule to the case before us, we find that the fact that the property damaged is separated by lot lines on the city plat and by an alley, from that which was benefited, does not of itself make it more than one piece of property and does not prevent the benefit to one part being subtracted from the damage

done another part. But the fact that the lots lying north of the alley were used for purposes separate and distinct from the use of the part south of the alley, makes the tracts distinct, so that the damage to the one and the benefit to the other cannot be considered together. The lots north of the alley, as has been stated, were used for a gallon house and grist mill situated thereon. These were wholly distinct from and wholly without connection with the residence on the lots south of the alley. Though owned in unity—that is, by one person—the purpose of their use was not single; on the contrary, was independent and apart. As said by Judge LAMM in Railroad v. Aubuchon, *supra,* if the land is held as separate farms "or as a distinct home or tenement in a city, etc.," the bare fact of contiguity will not be controlling.

Objections are made to plaintiff's instruction on the measure of damages. These are that immediately following the words "market value," the word "value" is used without being limited by the word "market." We regard the complaint as hypercritical. We think it could not have been misunderstood, or have misled the jury, especially in view of instructions for defendant.

Then it is said that in some instances the cost of restoring property to its original condition is less than the damage if there is no restoration, and in such cases the measure of damage would be the cost of restoration instead of difference in market value before and after the wrongful act. But the difficulty with this point at this time is that at the trial it was not brought forward by defendant and does not appear in any instruction which we find in the record. Besides, the instructions submitted by defendant adopt the identical measure submitted by plaintiff.

We note the suggestion that the damages are excessive. We think we would not be justified in interfering with the conclusion of the jury whose special province

was to determine the amount.    [Investment Co. v. St. Joseph, 191 Mo. 1. c. 172.]

The judgment should be affirmed.    All concur.