ROBERT G. SHEETS and SAMUEL S. DAY v. IOWA STATE INSURANCE COMPANY, Appellant.

### Division Two, March 15, 1910.

1. **APPELLATE JURISDICTION: By Whom Determined.** The Supreme Court determines for itself all jurisdictional questions, and is not bound by the rulings of a Court of Appeals holding that the Supreme Court has jurisdiction of the appeal.

2. **INSTRUCTION: No Objection, but Exception: Constitutional Question.** It is not sufficient that appellant save an exception to the giving of certain instructions. He must also object to the giving of the same before his exceptions will be availing. He cannot raise a constitutional question by simply excepting to the giving of an instruction based on a statute.

3. **CONSTITUTIONAL QUESTION: Raised for First Time in Motion: Appellate Jurisdiction.** A constitutional question must be timely raised or it will not be held to have been raised at all. Where plaintiff's instruction is predicated upon a statute, counsel for defendant should object to it at the time it is given, if defendant wishes to be heard on appeal to contend that the statute is unconstitutional, and should at the time assign its unconstitutionality as the ground of the objection, thereby giving the trial court an opportunity to pass upon the constitutional question before the case is submitted to the jury. The question cannot be raised for the first time in the motion for a new trial, because the purpose of such a motion is to call the court's attention to errors committed by it in giving and refusing instructions, in order that it may correct the same, and not for the purpose of making objections which should and could have been previously made. The constitutional question should be raised at the earliest available opportunity consistent with orderly procedure, and if not so raised the Supreme Court does not because of it have jurisdiction of the appeal.

Appeal from Grundy Circuit Court.—*Hon. Geo. W. Wanamaker*, Judge.

Transferred to Kansas City Court of Appeals.

*Hazen S. Sawyer, Jas. C. Davis* and *Hall & Hall* for appellant.

*A. G. Knight* and *E. M. Harber* for respondents.

BURGESS, J.—Plaintiffs instituted this suit against the defendant, a foreign fire insurance company, in the circuit court of Grundy county, on a policy of insurance issued by it to Ewing E. Adams & Son, and by them assigned to plaintiffs, to recover the sum of two thousand dollars as damages done to a stock of merchandise, by fire, in the town of Cainsville, Missouri. A trial was had, which resulted in a judgment for plaintiffs for the full amount sued for, with interest and cost. After an unsuccessful moving for a new trial, plaintiffs duly appealed the cause to the Kansas City Court of Appeals. The latter court transferred

the cause to this court, for the reason stated, that a constitutional question was involved therein.

Counsel for respondents resisted the motion to transfer the cause to this court for the reason that the constitutional question suggested was not properly and timely presented to the circuit court, and was therefore waived, and could not for that reason be considered on appeal.

This court must determine for itself all jurisdictional questions, and it is not bound by the rulings of the court of appeals upon such questions.

The record discloses that appellant was a fire insurance company, organized under the laws of the State of Iowa, with its chief office at Keokuk, and was duly licensed to do business in this State. In September, 1904, and for several years prior thereto, one J. W. Henderson, of Cainsville, had been taking applications for insurance for this company and sending them to the company at Keokuk. The company would then issue the policies thereon and deliver them to the insured; but in violation of express orders from the company, he collected the premiums thereon from time to time due on them, aggregating some seven hundred policies, and remitted the premiums to the company at Keokuk, which received all of them without making a single objection to his doing so. The policy in question took the usual course; and Henderson countersigned and delivered it to Adams & Son, and collected from them the premiums due thereon, and remitted the same to the company, which was likewise received by it without objection. The evidence also tended to show that Henderson knew of, and at the time assented to, the assignment of the policy to respondents.

Upon that state of the record, counsel for respondents asked, and the court gave, the following, among eight other, instructions in behalf of their clients:

"3. Under the law of this State it was the duty

of defendant, it being a foreign insurance company, to make contracts of insurance upon property situated in this State only by lawfully constituted and licensed resident agents of this State, and J. W. Henderson as such agent of the defendant, not only had the authority to make contracts of insurance upon property located in that part of this State in which he was defendant's agent, but he had the authority to countersign all policies issued by defendant upon property in such portion of this State, and said Henderson as such agent had also the authority to consent that the interest of any person or persons holding a policy in defendant company upon property in said portion of this State, which had been countersigned by said Henderson, might be assigned to another or others, and thus make a contract of insurance upon property insured by defendant at the time of such purchase; and if said Henderson did have knowledge of and consent to the sale of the property covered by defendant's policy issued to E. E. Adams & Son and to said policy being assigned to plaintiffs by said E. E. Adams & Son, then in law said transfer was valid, and such assent of said Henderson as effectual as if given by defendant's secretary or other officer, or even its board of directors. The provisions in defendant's policy to the contrary notwithstanding. The consent to the assignment of the policy in suit by E. E. Adams & Son to plaintiff, spoken of in the above and other instructions herein given, upon the part of defendant insurance company by said Henderson, must, however, have been indorsed on said policy.''

Section 7995, Revised Statutes 1899, upon which said instruction was partially based, reads as follows:

''Foreign companies admitted to do business in this State shall make contracts of insurance upon property or interests therein only by lawfully constituted and licensed resident agents, who shall counter-

sign all policies so issued. And any such insurance company who shall violate any provision of this section shall suffer a revocation of its authority by the Superintendent of Insurance to do business in this State, in addition to the penalty prescribed in section 8002, such revocation to be for the term of one year.''

The only objection made by counsel for appellant to the action of the court in giving said instruction numbered 3 is contained in the following language: ''Which said instructions numbered 1, 2, 3, 4, 5, 6, 7, 8 and 9 asked by plaintiff, and each of them, the defendant then and there excepted and still excepts.''

While the foregoing language saves appellant's exceptions to the action of the court in giving said instruction number 3, yet the record nowhere shows that counsel for appellant made any objection whatever to the same, or to the action of the court in giving it.

It is elementary that before one can legally except to the action of the court in giving or refusing instructions, he must first request the court to give same or object thereto, as the case may be, before his exceptions will be availing. This alone, if it was all that is disclosed by the record, would show that appellant not only failed to raise the constitutionality of the section of the statute mentioned, but, also, that appellant failed to object to the giving of the instruction itself in any manner, as before stated. But that is not the entire disclosure made by this record.

It shows that the constitutionality of said statute was not questioned until the motion for a new trial was filed. That question was first mentioned in said motion. In the discussion of this question, this court, in the case of Lohmeyer v. Cordage Co., 214 Mo. l. c. 689, speaking through LAMM, J., said:

''A constitutional question might possibly obtrude itself at the trial regardless of the pleadings through some unanticipated ruling on the introduction of testi-

mony when such question was squarely and with due precision made on objection and exception saved. If raised in that way in an appropriate case, and if the trial court had a chance to correct its error under an appropriate ground in the motion for a new trial, the point would be saved on appeal. So a constitutional question might be preserved on appeal in rare cases by a clause in the motion for a new trial when it did not appear elsewhere in the record. An example of that kind of a case would be where the court had given some instruction directly or by necessary implication for the first time involving the Constitution, for instance, permitting nine jurors out of twelve to render a verdict. [Logan v. Field, 192 Mo. l. c. 66.] In such case, or cases of a kindred nature, the first door open for a constitutional question to enter would be in the motion for a new trial. Appellant could raise it no sooner and nowhere else.

"But it must be taken as settled law that in so grave a matter as a constitutional question it should be lodged in the case at the earliest moment that good pleading and orderly procedure will admit under the circumstances of the given case, otherwise it will be waived. [Barber Asphalt Pav. Co. v. Ridge, 169 Mo. l. c. 387, *et seq.*]

"If plaintiff grounds his right of action on a statute which defendant contends is unconstitutional it should be put in the answer and kept alive. If the defendant grounds an affirmative defense on a statute that plaintiff contends has a like vice, it would seem he should plead its unconstitutionality in the reply, though that has been questioned. [Kirkwood v. Meramec Highlands Co., 160 Mo. 111.] If proper to put it in instructions, it should be lodged there and the ruling of the court invoked. Unless one or the other of those courses is pursued, life enough is kept in no such question to give this court jurisdiction on appeal except in one instance, *viz.,* where on the whole

case some provision of the Constitution was either
directly or by inexorable implication involved in the
rendition of the judgment and decided against appellant. The foregoing propositions are within the letter
and reasoning of a line of cases. [Woody v. Railroad,
173 Mo. l. c. 550; Hulett v. Railroad, 145 Mo. 35; Shell
v. Railroad, 202 Mo. l. c. 344; State ex rel. v. Bland,
186 Mo. 691; State ex rel. v. Smith, 141 Mo. 1; State
ex rel. v. Smith, 177 Mo. 69; State ex rel. v. Smith, 152
Mo. 444; Suess v. Ins. Co., 193 Mo. l. c. 570; Clark v.
Porter, 162 Mo. 516; Ash v. Independence, 169 Mo. 77.]

"The premises considered, we are of opinion that,
as appellant neglected to inject its constitutional question in its answer and in its instructions, it neglected
its opportunity and should be held to a waiver."

Some of the language here used by our learned
brother is broader than the facts of that case warranted; and, if applied literally to the facts of this case,
it would lend support to the contention of appellant,
to the effect that the constitutionality of said section
was timely raised for the first time in the motion for
a new trial; but this record discloses that said instruction numbered 3 was partially, at least, predicated
upon said section 7995. When said instruction was
asked by respondents, counsel for appellant should then
have objected to it, for the reason now made, that the
section of the statute upon which it was based was
unconstitutional and void, and thereby have given the
circuit court the opportunity to have passed upon the
constitutionality of the statute before the case was submitted to the jury. The validity and invalidity of
instructions are first passed upon by the court, at the
time they are given or refused; and the only purpose
of the motion for a new trial is to call the court's attention to errors committed by it in giving and refusing
instructions, in order that it may correct the same,
and not for the purpose of making objections thereto,

which could and should have been previously made, as was true in the case at bar.

These views are in harmony with the well-settled rules of practice and procedure, as stated by all of the adjudications of this State.

We must, therefore, hold that the constitutional question mentioned was not timely raised below, and for that reason it cannot be properly considered on appeal.

The amount in controversy being less than seven thousand and five hundred dollars and there being no constitutional question involved, the cause should be transferred to the Kansas City Court of Appeals; and it is so ordered.