## J. M. PEYTON, Respondent, v. LEE ETHRIDGE et al., Appellants.

In the Springfield Court of Appeals, May 12, 1924.

1. **APPELLATE PRACTICE: Trial Court's Finding, When Supported by Evidence, Conclusive.** In a suit at law, the finding of the trial court, sitting as a jury, is conclusive on the appellate court if there is evidence to sustain it.

2. **PRINCIPAL AND SURETY: Finding of Trial Court Held Sustained by Evidence.** In a suit on a note, evidence *held* to sustain finding that sureties consented to maker's sale of live stock mortgage security, without applying the proceeds on the note.

3. ———: **Pleading: Sureties' Waiver of Release Available Without Pleading it When Evidence Received Without objection.** In action on a note, where evidence of sureties' consent to nonapplication of proceeds from sale of security on the note was received without objection, waiver was available, though not pleaded.

4. ———: **Failure to Keep Collateral Available Releases Surety to Extent of Injury.** It is the duty of a party holding collateral as security to carefully and faithfully perform all acts necessary to make the collateral available, and if the collateral is lost by failure to do so, the surety will be discharged to the extent that he is injured thereby.

5. ———: **Surety's Consent to Release Precludes His Discharge.** If the surety consents to the release of property held as collateral he will not be discharged when the release is made.

## Appeal from the Circuit Court of Dallas County.—*Hon. C. H. Skinker,* Judge.

AFFIRMED.

*L. C. Mayfield* and *O. H. Scott* for appellants.

(1) The judgment is erroneous in that credit should have been given for amount received from sale of mort-

gaged property by F. V. Fugate with consent of plaintiff. Troll v. Real Estate Co., 186 Mo. App. 203; State Bank v. Bartle, 114 Mo. 276. (2) There is no evidence of any waiver on part of defendants of their right to require plaintiff to apply the proceeds of sale of mortgaged property to the payment of the note. And further waiver by Ethridge of his right to discharge is not in issue, as waiver is not pleaded in plaintiff's reply; and plaintiff by his conduct releasing one or both of the other securities, Ethridge would in any event be liable for only one-third of the note. Singleton v. Shepherd, 183 S. W. 1077; Ehrlick v. Insurance Co., 103 Mo. 240.

*John S. Haymes* for respondent.

(1) Even if plaintiff omitted anything by which the chattel mortgage was rendered ineffectual, the defendants Ethridge and Fugate by their acts and conduct at the time both waived any right that may have existed in them as securities to have the property covered by the mortgage, to the extent of its value, applied to the payment of the debt secured, and estopped themselves from asserting such right. Chouteau v. Allen, 70 Mo. 333; Williams v. Railroad, 153 Mo. 519; Trust Co. v. Ins. Co., 79 Mo. App. 366; Fairbanks v. Baskett, 98 Mo. App. 64. (2) Slight circumstances may show a waiver, and where there is any evidence thereof, the question is for the trial court or jury. Bank v. Ins. Co., 109 Mo. App. 659; Jordan v. Moulding Co.. 77 Mo. App. 577. (3) If the waiver or estoppel is one that should have been pleaded the answers to that contention are: (a) The answer having alleged that the release of the mortgaged property was "without the knowledge and consent of defendants," and the general denial of the reply, pleaded it. Heffernan v. Ragsdale, 199 Mo. 382. (b) The evidence of the waiver having been offered and received without objection that it was not pleaded, it cannot be made now. Heffernan, v. Ragsdale, supra; Hill v. Drug Co., 140 Mo. 437; Stewart v. Outwaite, 141

Mo. 572. (4) The appealing defendants having waived their rights, if indeed they did not consent to any act that released any surety, if any was released, they cannot now say that they are relieved from the portion of the liability so resulting.

FARRINGTON, J.—This is an appeal by defendants Lee Ethridge and E. M. Fugate from a judgment in favor of the plaintiff. The judgment was rendered against these two defendants and Roy A. Fugate, the latter not appealing. The suit grew out of a promissory note executed to the plaintiff by F. V. Fugate as principal with the defendants herein signing the same as sureties. A chattel mortgage was given by the principal, F. V. Fugate, covering something like $600 or $700 worth of personal property, live stock, etc., to secure the payment of said note. A credit of $500 appears to have been paid and the suit is for the balance.

It was admitted that the note was executed, and the defense attempted to be made is that the principal payor in the note sold the live stock secured by the chattel mortgage at a public sale with the consent of the payee, who did not require the proceeds to be turned over to him to apply on payment of the note, and that his action in permitting the payor to sell and not apply the proceeds on the note released the defendant sureties.

The answer made by plaintiff to this defense is that the defendant sureties consented to the arrangement and thereby waived the right to insist upon a release because of the fact that the property secured by the chattel mortgage had not been applied to the payment of the note.

The suit is one at law, and the finding by the trial court, sitting as a jury, is conclusive on us if there is evidence to sustain it. On the question of waiver, there was evidence introduced tending to show that the defendant Ethridge requested that plaintiff forego making F. V. Fugate, the maker, apply the proceeds derived from the sale of the live stock on the note, and that Ethridge stated that F. V. Fugate would secure him by

a second mortgage on a mill. The evidence shows that there was secured from the sale of the mill by the appealing defendants the sum of $500, which was applied on the note, and which is an amount that the court could reasonably find, under the evidence, that the stock sold for under the chattel mortgage was worth. We, therefore, conclude that there is evidence in this case which sustains the plaintiff's contention and therefore the judgment of the trial court that the right of the sureties on the note to insist upon the application of the proceeds for the sale of the live stock was waived, and that additional security was given by the maker from which a sufficient amount was realized to make up for the value of the live stock sold, which was secured by the chattel mortgage. The plaintiff has the right to take advantage of the waiver although not plead, for the evidence of waiver when offered was received without objection and will therefore be treated as a part of the case. [Heffernan v. Ragsdale, 199 Mo. l. c. 382, 97 S. W. 890; Hill v. Meyer Bros. Drug Co., 140 Mo. l. c. 437-438, 41 S. W. 909; Stewart v. Outhwaite, 141 Mo. l. c. 572, 44 S. W. 326.]

As stated in the case of Troll v. Real Estate Co., 186 Mo. App. l. c. 204, 171 S. W. 665, it is the duty of the party holding collateral as security to carefully and faithfully perform all acts necessary to make the collateral available, and that this duty is owing to the surety and failing in it, by which the collateral is lost, the surety will be discharged to the extent he is thereby injured. However, following with this rule is another, that if the surety consents to the release of the property he will not be discharged when the release is made.

It was an issue of fact in the case before us whether the act and conduct of the defendants were such as to amount to a waiver of their right to have the proceeds derived from the sale of the live stock applied on the payee's note, and further a question of fact as to whether anything was lost by virtue of the failure to apply such proceeds on the note when it appears in evidence that other security was given by the maker of the note which

was applied to the payment of the note in lieu of the proceeds from the sale of the live stock covered by the chattel mortgage. The court having passed upon this evidence in plaintiff's favor, it must stand as binding upon this court. The judgment is, therefore, affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.