STATE EX REL. BLACKMER & POST PIPE COMPANY, a Corporation, and T. H. MASTIN, THOMAS LONERGAN, HENRY BURR, H. E. MINTY and R. L. WINSLOW, co-partners doing business under the name of T. H. MASTIN AND COMPANY, Relators, v. HARRY A. ROSSKOPF, Judge of the Circuit Court, Division No. 2, of the City of St. Louis—55 S. W. (2d) 287.

Court en Banc, December 16, 1932.

*Fordyce, White, Mayne & Williams* and *Paul S. Schmid* for relators.

*Frank C. O'Malley* for respondent.

FRANK, J.—This is an original proceeding in mandamus wherein relators seek to compel respondent as Judge of Division No. 2 of the Circuit Court of the City of St. Louis, to proceed with a retrial of the case of Elizabeth Henry v. Blackmer & Post Pipe Company.

Our alternative writ was issued, to which respondents made return. Relator's petition reveals the following pertinent facts:

On December 16, 1927, Elizabeth Henry, dependant of James Henry, deceased, filed with the Workmen's Compensation Commission her claim for death benefits against Blackmer & Post Pipe Company, employer of her deceased husband, and T. H. Mastin and Company, insurer. The commission found against the claimant and awarded her no compensation, and on her appeal the case was certified to the Circuit Court of the City of St. Louis. On March 17, 1930, during the February Term, 1930, of said circuit court, said court set aside the final award of the commission in favor of the employer and insurer, and remanded said cause to the commission with directions to award compensation in accordance with the Workmen's Compensation Act. Within four days thereafter, and during the February Term, 1930, of said court, the employer and insurer duly filed their joint motion for new trial. This motion was not acted upon at the judgment term. Subsequently, on June 30, 1930, and during the June Term, 1930, of said court, the motion for new trial was sustained.

In the case of State ex rel. May Department Stores v. Haid, 327 Mo. 567, 38 S. W. (2d) 44, this court held that a motion for new trial is not required when an appeal is taken from a judgment of a circuit court in a proceeding under the Workmen's Compensation Law, and because not required, such a motion, when filed, has no force or effect, and does not carry the case over and authorize the granting of a new trial at a subsequent term.

Prior to our decision in the Haid case, this court as well as the Courts of Appeals held that when an appeal is taken from a judgment of a circuit court in any proceeding under the Workmen's Compen-

sation Law, the appellant must file a motion for new trial and a bill of exceptions in order to obtain a review of the whole record in the appellate court, and that otherwise the appellate court's review is limited to the record proper. [Dougherty v. Manhattan Rubber Mfg. Co., 325 Mo. 656, 29 S. W. (2d) 126; Brocco v. May Department Stores Company, 22 S. W. (2d) 832; Lilly v. Moberly Wholesale Grocery Co., 32 S. W. (2d) 1099.]

In the Elizabeth Henry compensation case, respondent as judge of the trial court, followed the Haid case and refused to proceed with the retrial of the compensation case on the ground that the motion for new trial filed in that case did not have the effect of carrying the case over beyond the judgment term, and did not authorize the granting of the new trial which was granted at a term subsequent to the judgment term, the result of which was to leave the original judgment of the circuit court in force and effect.

The compensation case was tried and determined on March 17, 1930, during the February, 1930, term of the circuit court. The motion for new trial was filed within four days thereafter, and at the same term. At the subsequent June, 1930, term of said court, and on June 30, 1930, the motion for new trial was sustained. The opinion of this court in the Haid case was handed down on April 7, 1931. So the question for our determination in this mandamus proceeding is whether our decision in the Haid case operates retrospectively as to the Elizabeth Henry compensation case. If that decision does operate retrospectively, the trial court was right in refusing to proceed with a retrial of the compensation case, because under the decision in the Haid case, the filing of the motion for new trial in the compensation case did not carry the case over and authorize the granting of the new trial at a subsequent term. On the other hand, if the decision in the Haid case does not operate retrospectively, then the Henry compensation case should be governed by the rules of procedure approved in the decisions in the Dougherty, Brocco and Lilly cases which required the filing of a motion for new trial in compensation cases, which motion, when timely filed but not acted upon at the judgment term, as was done in the Henry case, necessarily carried the case over and authorized the granting of the new trial at a subsequent term. These questions were considered and determined by this court en banc on July 7, 1932, in a well-considered opinion by HENWOOD, J., in the recent case of State ex rel. Midwest Pipe & Supply Co. v. Haid, 330 Mo. 1093, 52 S. W. (2d) 183. We held in that case that our decision in State ex rel. v. Haid, 327 Mo. 567, 38 S. W. (2d) 44, which we have referred to in this opinion as the Haid case, should not operate retrospectively as to Workmen's Compensation cases in which litigants followed the rule of practice laid down in the Dougherty, Brocco and Lilly cases. Our reasons

for so holding are clearly stated in that case and no useful purpose would be served by ploughing the ground again.

For the reasons stated, it must be held that the Elizabeth Henry compensation case should be governed by the rules of procedure laid down in the Dougherty, Brocco and Lilly cases, which required the filing of a motion for new trial as a prerequisite to an appeal. This being true, the motion for new trial which was timely filed by the claimant at the judgment term, carried the case over and gave the court jurisdiction to grant a new trial at a subsequent term. The granting of the new trial left the case pending for retrial in the circuit court. It therefore follows that our alternative writ heretofore issued commanding the retrial of the case in the circuit court, should be made peremptory. It is so ordered. All concur.