LOTTIE NEWBERRY, RESPONDENT, v. CITY OF ST. LOUIS, A MUNICIPAL CORPORATION, OTTILIA FENDLER, PHILLIPINA FENDLER, DEFENDANTS, CITY OF ST. LOUIS, APPELLANT.—109 S. W. (2d) 876.

St. Louis Court of Appeals. Opinion filed Nov. 2, 1937.

Motion for rehearing overruled Nov. 19, 1937.

Petition for Writ of Certiorari denied Feb. 25, 1938.

*John P. Griffin* for respondent.

*Edgar H. Wayman, Oliver Senti* and *Jerome Simon* for appellant.

McCULLEN, J.—This is a suit for damages for personal injuries alleged to have been sustained by Lottie Newberry, respondent, hereinafter referred to as plaintiff, as the result of a fall on a sidewalk adjacent to property known as 5422 Grace Avenue in the City of St. Louis due to an alleged accumulation of ice and snow thereon. As originally filed, the suit was against the City of St. Louis, hereinafter referred to as defendant City, and Ottilia Fendler, John Fendler, Frank J. Fendler and Phillipina Fendler. The cause was first tried on November 5, 1931, before the court and a jury and resulted in a verdict and judgment in favor of the defendant City and in favor of plaintiff and against Ottilia and Phillipina Fendler, as owners of the property, in the sum of $1250.

Plaintiff's motion for a new trial was sustained by the trial court as to the defendant City on the ground that the court had erred in giving an erroneous instruction on contributory negligence. The Court overruled the motion of the defendants Fendler for a new trial, and of its own motion set aside the $1250 verdict and judgment in favor of plaintiff and against said defendants and ordered that the verdict be held in abeyance as settling the question of liability on the part of said defendants ''except as to the amount thereof and the amount of damages to be determined on the retrial of the issue and further proceedings against all defendants jointly.''

The defendant City appealed to the Supreme Court of Missouri where the order of the trial court granting plaintiff a new trial as to that defendant was affirmed. [See Newberry v. City of St. Louis et al., 335 Mo. 1, 70 S. W. (2d) 546.] Thereafter, on April 29th, and April 30th, 1935, the cause was again tried in the circuit court before a jury. The second trial resulted in a verdict and judgment

in the sum of $3500 in favor of plaintiff and against the defendant City and the two Fendlers. From that judgment the defendant City has appealed to this Court.

The only contention of the defendant City is that it cannot be held for more than $1250 because the verdict of the jury against the two Fendlers, its co-defendants at the first trial, fixed the amount of plaintiff's damages at that sum, and that the only question in issue at the second trial was its liability. It assigns as error the action of the trial court in giving, at plaintiff's request, Instruction No. 4 on the measure of damages on the sole ground that "the amount of plaintiff's damages had already been fixed by a jury in the former trial." The instruction is as follows:

"The Court instructs the jury, that your verdict will be for the plaintiff and against the defendants, Ottilia Fendler and Phillipina Fendler, and if you find for the plaintiff against the City of St. Louis, under the other instructions of the Court, then you will assess the plaintiff's damages against all the defendants, at such sum as you find and believe from the evidence will reasonably compensate her for the injuries, if any, she received as a direct result of the fall mentioned in the evidence, and you may take into considration the loss of wages, if any, that she suffered, not to exceed the sum of four ($4.00) dollars per day for the period of time shown by the evidence that she lost same, if any, and you may also take into consideration the reasonable value of the medical and surgical treatment incurred or paid for the treatment of her injuries, if any, not to exceed the amount mentioned in the evidence, and you may also take into consideration the nature and extent of the plaintiff's injuries, if any, and the pain of body and mind suffered by the plaintiff, if any, as a direct result of said injuries, and the fracture or break of the bones of the plaintiff's right leg, if so, and the effect, if any, of said break of the leg, suffered as a direct result of the broken bones, if any, and whether the injuries to her leg are permanent, and if so, the nature and extent thereof, and allow the plaintiff such amount as you believe will reasonably compensate her for said loss and injuries, if any."

Plaintiff contends that this point was not properly preserved in defendant City's motion for a new trial. It appears from the record that defendant City saved its exception to the giving of the instruction mentioned, and in its motion for a new trial stated, as ground number 13:

"The Court erred in giving and reading to the jury each and every instruction given by the court and read to the jury on behalf of and at the request of plaintiff."

Under the Supreme Court decisions we must rule this point against plaintiff. [Wampler v. R. R., 269 Mo. 464, 190 S. W. 908, 911, 912, 913; Bobos v. Krey Packing Co., 317 Mo. 108, 114, 296 S. W. 157.]

The defendant City's bill of exceptions, as shown by its abstract of record herein, is in abreviated form. It sets forth the peremptory instructions in the nature of demurrers to the evidence asked by the defendant City at the close of plaintiff's case and at the close of the whole case which were refused by the court. It contains the instructions given on behalf of plaintiff, those given on behalf of the defendant City, a formal instruction given by the Court of its own motion, the instructions offered by the defendant City and refused by the Court, and the verdict of the jury. It also sets forth the defendant City's motion for a new trial and the overruling thereof. The evidence adduced at the trial is not presented in the bill of exceptions. However, under the heading "The Evidence", defendant City states:

"Thereupon the plaintiff, by her counsel, in order to sustain the issues on her part to be sustained, offered and submitted evidence sufficient to sustain the allegations of her petition as to the defendants' negligence *and evidence as to the extent of her injuries. The admissibility or the sufficiency of the evidence not being questioned, it is not set out."* (Italics ours.)

There is nothing in the record before us to show that defendant City made any attempt in any manner at any time during the trial to have the trial court limit the damages to the amount fixed by the jury in the first trial. There is nothing to show that any objection was made to the evidence with respect to the extent of plaintiff's injuries. By the statement above quoted from its abstract defendant City admits that there was evidence of the extent of plaintiff's injuries, the admissibility or sufficiency of which it does not question. Furthermore, defendant City did not ask the court for an instruction limiting the amount of the damages to the amount fixed by the former verdict.

We are of the opinion that the question before us is not one involving the jurisdiction or authority of the trial court to determine the cause but is one of alleged procedural error, and defendant City's right to complain of it was waived by its failure to give the trial court an opportunity to rule on the point which it now raises in this Court for the first time, namely, the limiting of damages to the amount of $1250, the amount of the former verdict.

It is true questions which go to the jurisdiction of the court or to the failure of a petition to state a cause of action may be raised in an appellate court for the first time and determined by such court even though they were not called to go to the attention of the trial court. Nevertheless, except as to such questions as those just referred to, which appear on the face of the record proper, an appellate court will refuse to interfere with the action of a trial court unless the question involved was properly raised at the trial, exceptions saved to the court's adverse ruling thereon and the matter again brought

to the attention of the trial court by motion for a new trial. Such procedure gives the trial court an opportunity to correct its own errors and thus avoids the needless delay and expense of an appeal and is the long-established law of this State. [City of St. Louis v. Buselaki et al., 336 Mo. 693, 80 S. W. (2d) 853.]

In Blanchard v. Dorman, 236 Mo. 416, 436, 139 S. W. 395, the court held that it is now axiomatic that if a party desires an appellate court to review any matter of exception on the trial he must make his objection and save his exception at the time it occurs and then repeat them in his motion for a new trial for the reason that appellate courts are not permitted to consider any exceptions to any proceedings in the circuit court except such as shall have been expressly decided by that court. Section 1061, Revised Statutes of Missouri, 1929 (Mo. Stat. Ann., section 1061, page 1346) provides:

"No exception shall be taken in an appeal or writ of error to any proceedings in the circuit court except such as shall have been expressly decided by such court."

Even though a statement of error committed by the trial court be made in a motion for a new trial, that is not sufficient to warrant a review by an appellate court of such alleged error unless the bill of exceptions shows that the court ruled on the matter and that an exception was saved at the time to the adverse ruling of the court threeon. [Spotts v. Spotts, 331 Mo. 917, 55 S. W. (2d) 977; Eckel v. Gruebel (Mo. App.), 226 S. W. 983.]

If defendant City desires to preserve for review what it considered to be erroneous action on the part of the trial court in giving the instruction mentioned, it should have called the trial court's attention to such supposed erroneous action at the time by asking the court to give an instruction limiting the damages to the amount of the former verdict. Its failure to do so constitutes a waiver of any right it may have had to complain of the instruction on the measure of damages. [Drake v. Bosworth, 140 Mo. 37, 124 S. W. 570.] This is especially true in this case in view of the fact that defendant City permitted evidence of the nature and extent of plaintiff's injuries, tending to show her damages, to be presented in the trial without any objection on its part.

By failing to object to the evidence of the extent of plaintiff's injuries at the second trial and by failing at the time such evidence was introduced to call the trial court's attention in some manner by statement, motion or otherwise to the fact that the amount of the damages had been, as it now claims, fixed by the former verdict, defendant City treated the amount of the damages as an issue in the trial and permitted the case to be tried on the theory that the order of the trial court at the former trial leaving the amount of damages as to all defendants to be fixed at the subsequent trial was correct. In this situation the defendant City cannot be heard to complain of

the court's action in proceeding as it did, for it is well settled that a cause must be heard in an appellate court on the same theory on which it was tried in the trial court and an objection not urged at the trial will not be considered on appeal. [City of Springfield v. Smith, 322 Mo. 1129, 19 S. W. (2d) 1; Morton v. St. Louis-San Francisco Ry. Co., 323 Mo. 929, 20 S. W. (2d) 34; Scanlon v. Kansas City, 325 Mo. 125, 28 S. W. (2d) 84; City of St. Louis v. Buselaki, 336 Mo. 693, 80 S. W. (2d) 853; Herman v. Kaiser (Mo. App.), 85 S. W. (2d) 928.]

The order of the trial court, holding the verdict in abeyance after the first trial, was not in conflict with any decisions of our Supreme Court at the time the order was made or at the time of the second trial. At the time of the second trial herein the prevailing decisions of the Supreme Court on the point in question were Neal v. Curtis Mfg. Co., 328 Mo. 389, 41 S. W. (2d) 543, and Barr v. Nafziger Baking Co., 328 Mo. 423, 41 S. W. (2d) 559, wherein the Supreme Court found there had been error as to the one defendant in each of said cases but not as to the other, and reversed and remanded the causes with directions to the trial court to hold in abeyance the verdict of liability as to the defendant against which no error was committed but directed a new trial as to liability of the other defendant against which error was committed, and also directed a new trial on the question of the amount of damages as to all the defendants involved in each of those cases. The decisions in the Neal and Barr cases, on this point, were based on the theory that since there could not be judgments for different amounts against each of two defendants in a single tort action, it was necessary to issue such directions to the trial court to avoid the possibility of judgments for different amounts in the same case against different defendants at the subsequent trial.

In Hoelzel v. C. R. I. & P. Ry. Co., 337 Mo. 61, 85 S. W. (2d) 126, upon which the defendant City herein relies, the Supreme Court directed that the Neal and Barr cases, *supra,* should no longer be followed in so far as they 'directed a new trial as to both defendants on the question of damages. Referring to those two cases, the Supreme Court said:

"If, in the cited cases, the verdict of liability was permitted to stand against one defendant because it was free from error, by the same token, if the verdict as to the amount of damages was free from error, it likewise should have been permitted to stand against that defendant. Two judgments in the same case could have been prevented by reversing the judgment and remanding the cause with directions to hold in abeyance the verdict as to both liability and amount of damages as to the defendant against which no error was committed, until the cause was finally disposed of as to the liability only of the other defendant, then enter judgment for the amount of

the verdict held in abeyance against all defendants finally held liable.'' [Hoelzel v. Ry. Co., 337 Mo. 61, 77, 78, 85 S. W. (2d) 126, 134.]

In the same case the Supreme Court, after declaring that a plaintiff should be permitted to hold the amount of a verdict in which there is no error and that a defendant should not be given a second trial of an issue where there was no error in the first trial of that issue, went on to say:

''There is no set rule which should govern this question in every case against two or more joint tort-feasors. It is the duty of the court, in the light of the facts of each particular case, to determine the character of the error and the issues affected thereby, and rule the question accordingly.'' [Hoelzel v. Ry. Co., *supra.*]

Defendant City argues that this court should treat the verdict rendered at the first trial as a special verdict or finding of fact and that as such it is a part of the record proper; that the verdict of $1250 rendered at the first trial does not support a judgment in favor of plaintiff for $3500 rendered in the second trial; that this court should take judicial notice of the opinion of the Supreme Court rendered in this case when it was appealed to that court by the defendant City and thereby this court has before it the fact that prior to the trial from which this appeal was taken, the amount of plaintiff's damages had already been assessed by the verdict of the jury at the first trial against the City's co-defendants; that having done this, this court should then, on the authority of the Hoelzel case, *supra,* hold that the prior verdict against the defendant City's co-defendants in the sum of $1250 fixed the amount of plaintiff's damages and became the law of the case.

Answering a point raised by plaintiff in its brief herein that the verdict at the second trial was a modest one considering the extent of plaintiff's injuries, defendant City concedes in its brief that the amount of the judgment was supported by evidence but insists that the amount of plaintiff's damages was fixed at $1250 by the verdict at the former trial.

Defendant City's entire argument on this point is predicated on the statement in its brief that the Hoelzel case, *supra,* which overruled the Neal and Barr cases, *supra,* was decided on February 15, 1935, prior to the second trial of this case below. Defendant City is in error as to the date on which the Hoelzel case was decided. It is true the opinion of the Supreme Court in that case was first handed down on February 15, 1935, but the opinion was not published or promulgated until the motion for rehearing therein was overruled on July 9, 1935, which was after the second trial in the case at bar.

In State ex rel. May Dept. Stores Co. v. Haid et al., 327 Mo. 567, 585, 38 S. W. (2d) 44, 53, the Supreme Court referred to the date on which a motion for rehearing in a preceding case was overruled

as the date of the promulgation of the opinion in such preceding case, thus clearly indicating that the date on which such opinion was first handed down was not the date of its promulgation.

The verdict in the second trial herein was rendered on April 30, 1935, more than two months before the opinion in the Hoelzel case, *supra,* was promulgated as the law of this State. In view of this situation, it is our opinion that the decision in the Hoelzel case with respect to the point involved herein, being on a matter of procedure, operated prospectively only and not retrospectively and is not applicable in determining the question before us. [State ex rel. May Dept. Stores Co. v. Haid et al., 327 Mo. 567, 38 S. W. (2d) 44, 53; Mountain Grove Bank v. Douglas County, 146 Mo. 42, 52, 47 S. W. 944; 7 R. C. L. 1010; State ex rel. Midwest Pipe & Supply Co. v. Haid, 330 Mo. 1093, 52 S. W. (2d) 183; State ex rel. Blackmer, etc., Pipe Co. v. Rosskopf, 331 Mo. 793, 55 S. W. (2d) 287.] Even if the doctrine of the Hoelzel case on this point were applicable, it being a matter of exception, defendant City waived any right it may have had to complain of the court's action by its failure to object to the evidence of plaintiff's injuries and its failure to ask the court to limit the damages by offering an instruction to that effect. The defendant City must be held to be bound by the course it pursued in the trial when it permitted evidence to be adduced on the question of damages without objection and thereby treated that question as one in issue at the trial, and will not be heard to complain in this Court for the first time on that point. [Heffernan v. Ragsdale, 199 Mo. 375, 382, 383, 97 S. W. 890; Sheets v. Insurance Co., 226 Mo. 613, 619, 126 S. W. 413; Stewart v. Outhwaite et al., 141 Mo. 562, 572, 44 S. W. 326.]

Any other conclusion in this case would announce a rule which would permit a defendant to remain silent as to such an alleged error in procedure at the trial in the hope that it might get a favorable verdict, and then, if the verdict turned out to be unfavorable, it could successfully claim the trial court erred, without having given the trial court any opportunity to pass on the question. We are not to be understood as saying that the defendant City herein knowingly did any such thing. Indeed, none of the parties could know at the time of the second trial what the decision in the Hoelzel case finally would be because it was not promulgated until more than two months thereafter. However, a decision in favor of the defendant City on the point as presented on this record would permit such a thing to be done.

Finding no reversible error, the judgment is affirmed. *Becker, J.,* concurs; *Hostetter, P. J.,* absent.

## On Motion for Rehearing.

McCULLEN, J.—In its motion for rehearing the defendant City argues that what was said by the Supreme Court in State ex rel. May Department Stores Co. v. Haid et al., 327 Mo. 567, 585, 38 S. W. (2d) 44, referred to in our original opinion herein, with respect to the date of the promulgation of an opinion by that court in a preceding case was *obiter dictum* and that while it may be persuasive it is not decisive. Our original opinion herein shows that we have not treated it as decisive in this case. That phase of our opinion was presented as an additional reason for the conclusion reached. The basis of our decision is the failure of the defendant City to give the trial court an opportunity to pass upon the question of procedural error which said defendant has raised in this court for the first time in the case.

So far as we are aware, our Supreme Court has never passed upon the question as to whether a decision of that court *which changes an established rule of procedure* becomes operative and controlling, as to cases other than the one in which such change is declared, on the date on which it is first handed down or on the date on which the motion for rehearing is overruled where such a motion is filed. It is true, a motion for rehearing does not vacate the Supreme Court's judgment or affect its vitality and efficacy. Such judgment is conclusive upon the parties in the case in which it is rendered from the instant it is first handed down and until it is set aside by that court itself. [Ex parte Craig, 130 Mo. 590.] However, we do not believe that a trial court can be properly convicted of error in another case where it follows an established rule of procedure unless the decision of the Supreme Court changing such established rule of procedure has been promulgated by that court at the time of the action of the trial court.

In the peculiar situation with respect to the date of the handing down of the decision in the Hoelzel case and the date of the overruling of the motion for rehearing therein, as well as the date of the second trial of the case at bar, neither the trial court nor any of the parties herein knew, or could have known at the time of the trial herein, what the final decision of the Supreme Court with respect to changing the rule of procedure would be because that court itself had not then published or promulgated the Hoelzel opinion. Certainly it cannot be said that the Supreme Court's opinion in the Hoelzel case was published or promulgated as the law of this State to govern other cases until that court had acted upon the motion for rehearing which had been filed therein.

The motion for rehearing herein is overruled. *Becker, J.,* concurs; *Hostetter, P. J.,* not sitting.