J. M. FARRIN & COMPANY, Appellant, v. ANDREW J. MURPHY, SR., HARRY F. DRISLER and EDWARD C. CROW, Members of the Unemployment Compensation Commission of Missouri, and BANKS WILLIAMS.—No. 38362.—171 S. W. (2d) 668.

Division One, June 1, 1943.

*Preston Quick* for appellant.

*George A. Rozier*, Chief Counsel, *Edward D. Summers* and *George Schwartz*, Assistant Counsel, for respondents; *Harry G. Waltner, Jr.*, of counsel.

HYDE, J.—This is a proceeding for review of an order of defendants, as members of the Unemployment Compensation Commission, as authorized by Section 9432A (Mo. R. S. Ann.) R. S. 1939. The court affirmed the award of the Commission against J. M. Farrin and Company and it has attempted an appeal which the Commission contends should be dismissed because not made during the judgment term.

The judgment herein was entered on the first day of the January 1942 term, January 12, 1942. The company filed a motion on January 14, 1942, called "Petitioner's Motion for New Trial and Rehearing." Thereafter, before there was any ruling on this motion, the company filed an application and affidavit for appeal. Appellant's abstract shows one date of filing, while respondents, in connection with their motion to dismiss the appeal, have made a showing of a different date of filing. We, therefore, made an order in diminution of the record for the clerk of the circuit court to certify the true facts.

The return of the circuit clerk shows the true facts to be as follows:

The judgment herein was entered on January 12, 1942, the first day of January 1942 term of the court.

The application and affidavit for appeal was filed on March 9, 1942, the first day of the March 1942 term of the court.

The order allowing appeal was made on August 27, 1942, the eighty-second day of the May 1942 term of the court.

Appellant concedes, as we must hold in this proceeding like in cases in which the circuit court reviews the orders or awards in matters before the Public Service Commission and the Workmen's Compensation Commission solely upon the records before such commissions, that the "Petitioners Motion for New Trial and Rehearing" filed herein "is nothing more than a suggestion" and has no effect to extend the time for making appeal to another term. Such a motion in such a proceeding "must be viewed in the character of a non-statutory motion, which amounted only to a mere suggestion to the circuit court that the court had erred in rendering a wrong judgment (that is, a judgment which, if wrong, the circuit court should have set aside of its own motion), and hence such motion did not have the effect of postponing or extending the finality of the judgment beyond the term of the circuit court at which the judgment was rendered." (State ex rel. May Department Stores Co. v. Haid, 327 Mo. 567, 38 S. W. (2d) 44.) Therefore, the decisive question here is whether or not appellant has complied with Sec. 1186 (Mo. R. S. Ann.), R. S. 1939, and made his appeal "during the term at which the judgment

. . . appealed from was rendered." Since the record certified here shows that no affidavit for appeal was filed until after the judgment term (January 1942 term) ended, but that such affidavit was filed after the next term (March 1942 term) began, we could not obtain jurisdiction of the appeal in this case.

The appeal is dismissed. All concur.